**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 9, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SCOTT ALAN COZENS,

        Plaintiff–Appellant,

    v.

WOODWARD COUNTY OKLAHOMA,
ex rel. THE WOODWARD COUNTY
COMMISSIONERS; WOODWARD
COUNTY DISTRICT COURT;
WOODWARD COUNTY SHERIFF'S
DEPARTMENT,

        Defendants–Appellees.

No.12-6019

(D.C. No. 5:11-CV-00841-C)

(W.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

Plaintiff appeals from the district court's dismissal of his 42 U.S.C. § 1983

complaint. In this complaint, Plaintiff alleged his constitutional rights were violated

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

when he received a "flat" state court sentence under which he received no good time credits, allegedly contrary to Oklahoma law. The district court concluded that Plaintiff could not state a valid claim for relief under *Heck v. Humphrey*, 512 U.S. 477 (1994), because judgment in his favor would necessarily imply the invalidity of his state court sentence.

On appeal, Plaintiff contends *Heck* is inapplicable because his § 1983 claim was based on unconstitutional procedures, similar to the § 1983 claim that was allowed in *Wolff v. McDonnell*, 418 U.S. 539, 554-55 (1974). However, *Heck* applies whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," *Heck*, 512 U.S. at 487, regardless of whether the claim is labeled as procedural or substantive. *See Edwards v. Balisok*, 520 U.S. 641, 645-46 (1997). The claim in *Wolff* could proceed under § 1983 because it "did not call into question the lawfulness of the plaintiff's continuing confinement," *Heck*, 512 U.S. at 483 (emphasis omitted), and it is thus readily distinguishable from the instant case. In this case, success on Plaintiff's § 1983 claim would necessarily imply the invalidity of his sentence, and therefore the district court correctly dismissed the complaint under *Heck*.

The district court's judgment is **AFFIRMED**.

Entered for the Court

Monroe G. McKay
Circuit Judge